UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM LESTER | ) | CASE NO.: 4:15 CR 458 |
| | ) | 4:17 CV 1421 |
| Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Respondent. | ) | |

This matter comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF #40). Petitioner seeks to vacate his sentence of one count of receiving and distributing visual depictions of real minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). For the reasons set forth below, Petitioner's Motion is DENIED.

## FACTUAL AND PROCEDURAL HISTORY

On December 15, 2015, a federal grand jury returned an indictment against Petitioner, charging Petitioner with one count of receiving and distributing visual depictions of real minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2). (ECF #1). On May 26, 2016, Petitioner plead guilty to the indictment. (ECF #22). A written plea notice was executed and read into the record in its entirety and was signed by Petitioner. (ECF #23). On August 11, 2016, a Presentence Investigation Report concluded that Petitioner had an adjusted offense level of 37

corresponding with an advisory guideline range of 210–240 months. (ECF #28). On August 18, 2016, Petitioner was sentenced to 180 months imprisonment; five years supervisory release; a special assessment of $100; and restitution in the amount of $4,000. (ECF #32). The Court varied downward two levels on the finding that Petitioner did not have a positive role model in his formative years. Judgment was docketed on August 25, 2016. (ECF #33).

Petitioner appealed his sentence to the Sixth Circuit Court of Appeals. (ECF #34). On appeal, Petitioner argued that the district court failed to consider Petitioner's objections to the prepubescent minor and the use of computer enhancements, that Petitioner's sentence was unreasonable when looking at other similar cases, and that the district court failed to consider the length of the sentence compared to hands-on offenders. The Sixth Circuit rejected Petitioner's arguments and affirmed Petitioner's sentence on May 31, 2017. (ECF #39).

On July 6, 2017, Petitioner filed the present Motion to Vacate under 28 U.S.C. § 2255. (ECF #40). Petitioner claims that: (1) there was insufficient evidence to prove Petitioner's guilt; (2) the conduct of his defense attorney influenced his guilty plea making it invalid; (3) polygraph tests are generally inadmissable and Petitioner was under the influence of cold medicine making the results invalid; and (4) Petitioner's sentence was flawed and disparate as compared to similar cases. (ECF #40). On September 20, 2017, the Government filed a response in opposition to Petitioner's § 2255 motion. (ECF #47). Petitioner had until October 20, 2017 to file a response, but did not file one.

## ANALYSIS

A petitioner that moves to vacate, set aside or correct a sentence pursuant to 28 U.S.C. § 2255 must demonstrate that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in

excess of the maximum authorized by law; or (4) it is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. As such, a court may grant relief under § 2255 only if a petitioner has demonstrated "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (internal quotation and citation omitted). If a § 2255 motion, as well as the record, conclusively show that the petitioner is not entitled to relief, then the court need not grant an evidentiary hearing on the motion. *See* 28 U.S.C. § 2255; *see also Valentine v. United States*, 488 F.3d 325, 333 (6th Cir. 2007) (stating that no evidentiary hearing is required where the "record conclusively shows that the petitioner is entitled to no relied") (quoting *Arredonda v. United States*, 178 F.3d 778, 782 (6th Cir. 1999)); *Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996). In this case, the Government correctly points out that Petitioner's second claim is essentially ineffective assistance of counsel, his first and third claims are claims of actual innocence, and his fourth claim is improper sentencing.

First, Petitioner has not set forth specific facts to show a claim of actual innocence. Further, Petitioner's claim of ineffective assistance of counsel does not satisfy the factors set forth in *Strickland*. Additionally, Petitioner's fourth claim of improper sentencing does not allege any constitutional or jurisdictional claim and falls outside the scope of § 2255 motions. Therefore, for the reasons set forth below, all of Petitioner's claims are denied.

1) **Actual Innocence**

Petitioner's first and third grounds for relief in his Motion to Vacate attempt to establish a claim of actual innocence. To establish a claim of actual innocence, a petitioner is required to present new evidence that establishes "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). The new evidence presented must be reliable and trustworthy. *See Id.* at 324. Here, Petitioner does not present

any new reliable evidence. All the evidence that Petitioner asserts would show his innocence was known to him when he knowingly and voluntarily entered a guilty plea. Petitioner's argument that the Government did not prove that he used an electronic device is misplaced. The evidence of the IP address is sufficient to show that Petitioner used an electronic device that satisfied the elements of the crime charged.

Petitioner also argues that his confession during the polygraph examination was improper because (1) he was under the influence of cold medication, and (2) he was unaware that his statements could be used in court against him. (ECF #40, p. 226–227). Neither assertion is supported by the record. First, the record clearly indicates that Petitioner was not under the influence of any type of medications at the time he gave his confession, including any over-the-counter medication. (ECF #47-1, p. 2). Second, Petitioner was advised of his rights before taking the polygraph exam. He signed a form that explicitly stated that "anything you say can be used against you in court." (ECF #47-3, p. 2). Further, the statements that Petitioner made during the exam are relevant, and would be admissible with or without the results of the polygraph exam. For these reasons, Petitioner's claims of actual innocence must fail.

### 2) Ineffective Assistance of Counsel

Petitioner's second ground for relief in his Motion to Vacate alleges ineffective assistance of counsel based on two separate allegations: (1) Petitioner's attorney coerced him into pleading guilty, and (2) the practice of procuring a guilty plea by threat of a more severe sentence if Petitioner went to trial is coercive generally. (ECF #40, p. 224). In order to prevail on an ineffective assistance of counsel claim, Petitioner must meet the standards set by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

The judicial scrutiny of counsel's performance must be highly deferential. *Id.* at 689. In addition, to prove that his counsel's performance was deficient, a defendant must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688.

Petitioner's claim of ineffective assistance of counsel is groundless because Petitioner's attorney's performance did not fall below the objective standard of reasonableness set forth in *Strickland*. In Petitioner's first assertion of ineffective assistance of counsel, Petitioner claims that his attorney coerced him into entering a guilty plea, telling Petitioner that if he did not change his plea that he would "kick [his] ass."(ECF #40, p. 224–225). There is absolutely no evidence in the record supporting this claim. Further, this Court thoroughly engaged Petitioner in a Rule 11 dialogue where Petitioner then willingly and voluntarily entered a guilty plea. (ECF #46, p. 244–248). The law is well established where a court has adequately followed the Rule 11 procedure, defendants are bound by their guilty pleas and may not later repudiate them. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). Further, even if true, Petitioner does not allege any prejudice stemming from counsel's alleged improper statements because he does not presently argue that he would have proceeded to trial if it weren't for his attorney's alleged coercion.

In Petitioner's second assertion of ineffective assistance of counsel, Petitioner merely states that the practice of pleading guilty to avoid a more severe sentence than what might be imposed if Petitioner was found guilty after a trial does not provide justice as guaranteed by the Constitution.

5

(ECF #40, p. 224). Petitioner's argument is baseless and there is no support for his conclusion.

Therefore, since Petitioner is unable to show that his defense was prejudiced by a deficiency in his counsel's performance, Petitioner is unable to succeed on an ineffective assistance claim under *Strickland*. Petitioner's second ground for relief is denied.

### 3) Improper Sentencing Based on Similar Cases

Petitioner argues in his fourth ground for relief that his sentencing is disproportionate to that of other similar cases. Petitioner further alleges that the calculation of the federal sentencing guidelines was improper. However, Petitioner's attacks on his sentencing do not amount to a constitutional error or a miscarriage of justice. Further, the Court varied downward from the original sentencing calculation. Given the totality of the circumstances, it cannot be said that this sentence was unreasonable, let alone a constitutional violation. The claim of improper sentencing thus falls outside the scope of a § 2255 appeal.

## **CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific

issue or issues satisfy the showing required by paragraph (2).

In order to make "substantial showing" of the denial of a constitutional right, as required under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issue presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983)).

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons stated above, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right and there is no reasonable basis upon which to debate this Court's procedural rulings. Accordingly, the Court declines to issue a certificate of appealability.

## CONCLUSION

Because the record in this case conclusively shows that Petitioner is entitled to no relief under § 2255, no evidentiary hearing is required to resolve the pending Motion. For the reasons set forth above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF #40) is DENIED. Furthermore, because the record conclusively shows that Petitioner is entitled to no relief under § 2255, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: October 30, 2017